## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                 No. CR 11-0170 JB

MANUEL RODRIGUEZ-MONTES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed June 9, 2011 (Doc. 16).  The Court held a sentencing hearing on July 1, 2011.  The primary issue is whether the Court should grant a downward variance and/or departure from the sentencing guidelines.  The Court will exercise its discretion to depart downward based on cultural assimilation. It believes that Rodriguez-Montes' case does not remain within the heartland of cases.  The Court will sentence Rodriguez-Montes to a sentence of 33 months, which is a sentence at the low end of the advisory guideline range.

## PROCEDURAL BACKGROUND

On January 27, 2010, an Information was filed against Defendant Manuel Rodriguez-Montes, in which the United States Attorney charged Rodriguez-Montes with a violation of 8 U.S.C. § 1326(a) and (b) -- Re-entry of a Removed Alien.  See Doc. 8.  On January 27, 2011, Rodriguez-Montes entered into a Non-Standard Fast Track Plea Agreement, in which he pled guilty to a violation of 8 U.S.C. § 1326(a) and (b).  See Doc. 11.

On April 15, 2011, the United States Probation Office ("USPO") disclosed the Presentence

Investigation Report ("PSR").  The PSR calculated Rodriguez-Montes' adjusted offense level as 24 and his offense level after a 3-level reduction for acceptance of responsibility as 21.  It calculated his criminal history category as V.  An offense level of 21 and a criminal history category of V establishes a guideline imprisonment range of 70 to 87 months.

On June 29, 2011, the USPO disclosed an Addendum to the PSR.  The Addendum states that the PSR inadvertently omitted information that Rodriguez-Montes' counsel relayed to the probation officer who prepared the PSR.  Specifically, paragraph 10 of the plea agreement addresses Rodriguez-Montes' version of the offense and also serves as a statement for acceptance of responsibility.

On June 9, 2011, Rodriguez-Montes filed the Defendant's Sentencing Memorandum.  See Doc. 16.  Rodriguez-Montes argues that the Court should grant a variance or departure from the recommended sentencing guideline range based upon Rodriguez-Montes' cultural assimilation.  Rodriguez-Montes also argues that the 16-level enhancement results in a guideline range that is greater than necessary to comply with the purpose of sentencing and that there is an absence of empirical data to support a 16-level enhancement in the offense level.[1]

On June 16, 2011, Plaintiff United States of America filed the United States' Response to Defendant's Sentencing Memorandum.  See Doc. 18.  The United States argues that the Court should deny Rodriguez-Montes' request for a variance or departure based on cultural assimilation, because he is not sufficiently assimilated into the life of a law-abiding United States citizen.  The United States argues that the Court should deny Rodriguez-Montes' request for a departure based on an over-represented offense level, because, given his criminal history, the 16-level increase is

---

[1] Rodriguez-Montes did not request a specific sentence in either his sentencing memorandum or at the sentencing hearing.

appropriate.  It also argues that U.S.S.G. § 2L1.2 is one of the sentencing commission's most extensively considered, evaluated, tailored, and amended guidelines.  The United States further argues that a sentence in the range of 63 to 78 months is reasonable and that a variance is not warranted.

## ANALYSIS

The Court will accept the plea agreement.  The Court will exercise its discretion to depart downward based on cultural assimilation.  It believes that Rodriguez-Montes' case does not fit within the heartland of cases.  The Court will sentence Rodriguez-Montes to a sentence of 33 months, which is a sentence at the low end of the advisory guideline range.

## I.    THE COURT WILL ACCEPT THE PLEA AGREEMENT.

Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which stipulates to an offense level of 20, as the Court is satisfied that the agreed-on offense level departs for justifiable reasons.  In Section 401(m)(2)(B) of the PROTECT Act, Congress approved early disposition or fast-track programs if certain conditions are met.  The Court believes that these conditions are met in this case, and this departure is in the bottom of the range of departures that Congress allowed. The Court's sentence will be consistent with the plea agreement.  An offense level of 20 combined with a criminal history category of V establish a guideline imprisonment range of 63 to 78 months.

## II.   A DOWNWARD DEPARTURE ON THE BASIS OF CULTURAL ASSIMILATION IS WARRANTED IN THESE CIRCUMSTANCES.

Rodriguez-Montes argues that his cultural ties to the United State are very strong, and that those ties developed at an early age, because, beginning at the age of approximately eighteen months, he grew up as a child in Albuquerque, New Mexico.  He argues that he attended public

school, learned English, and became a lawful permanent resident.  He asserts that he has nine

surviving brothers and sisters, all of whom live and work in the Albuquerque area.  He is married

to a United States citizen and has two children who are United States citizens.

The United States argues that Rodriguez-Montes' criminal history includes convictions in

a total of thirteen separate cases and that three of his convictions were for felony offenses.  It further

argues that Rodriguez-Montes has seven other prior arrests.  The United States thus argues that

Rodriguez-Montes has not assimilated into the American culture and should not be awarded a

variance or departure for cultural assimilation.

Application note 8 to U.S.S.G. § 2L1.2 states:

> There may be cases in which a downward departure may be appropriate on
> the basis of cultural assimilation. Such a departure should be considered only in
> cases where (A) the defendant formed cultural ties primarily with the United States
> from having resided continuously in the United States from childhood, (B) those
> cultural ties provided the primary motivation for the defendant's illegal reentry or
> continued presence in the United States, and (C) such a departure is not likely to
> increase the risk to the public from further crimes of the defendant.

> In determining whether such a departure is appropriate, the court should
> consider, among other things, (1) the age in childhood at which the defendant began
> residing continuously in the United States, (2) whether and for how long the
> defendant attended school in the United States, (3) the duration of the defendant's
> continued residence in the United States, (4) the duration of the defendant's presence
> outside the United States, (5) the nature and extent of the defendant's familial and
> cultural ties inside the United States, (6) the seriousness of the Defendant's criminal
> history, and (7) whether the defendant engaged in additional criminal activity after
> illegally reentering the United States.

U.S.S.G. § 2L1.2 app. note 8.  The Court is generally reluctant to grant a downward departure for

cultural assimilation to people who are brought into the country at a late age.  At eighteen months,

however, Rodriguez-Montes was brought into the United States involuntarily and he has continued

to reside in the United States with the exception of the two deportations he had.  He did not graduate

from high school, but went through the tenth grade.  Rodriguez-Montes grew up here and, not

-4-

unexpectedly, he appears as American as other Americans.  Rodriguez-Montes has continually resided in the United States almost his entire life.  The time of his presence outside of the United States appears to be minimal and, not surprisingly, Rodriguez-Montes finds the culture in Mexico a shock.  Rodriguez-Montes appears to have extensive family and cultural ties in the United States, with very little family and cultural ties outside of the United States.  He has nine surviving brothers and sisters, all of whom live and work in the Albuquerque area.  He is married to a United States citizen and has two children who are United States citizens.  On the other hand, Rodriguez-Montes has a serious criminal history, and that factor weighs against granting a downward departure on cultural assimilation.  Rodriguez-Montes has convictions for receiving stolen property and failure to appear, possession of crack cocaine, criminal trespass, resisting or obstructing an officer, failure to obey police and fire department, criminal damage to property and failure to appear, driving on suspended license, driving on suspended license, failure to stop at stop sign, receiving or transferring stolen motor vehicle, failure to appear, shoplifting, trafficking controlled substance -- cocaine, concealing identity, and careless driving.  He has also been arrested for trafficking controlled substance (heroin), possession with intent to distribute cocaine, possession of cocaine, and armed robbery and conspiracy to commit armed robbery, criminal trespass, and possession of controlled substance (cocaine).

The problem with the United States' argument that the Court should not depart because Rodriguez-Montes has a criminal history is that Rodriguez-Montes would not be before the Court if he did not have that criminal history, so if the Court starts denying downward departures for cultural assimilation because of criminal history, the departure would rarely be used.  The Court believes it is appropriate that it grant downward departures for cultural assimilation for people who have been in the United States for such a lengthy period of time.  Rodriguez-Montes does not appear

to have additional criminal history of a significant nature other than the illegal re-entry since the deportations began. His only conviction since the deportations began is a conviction for concealing identity and careless driving. The Court thus has some hope that Rodriguez-Montes is maturing as he ages. He is thirty-nine years old, and his risk of recidivism for crimes other than re-entry should decrease. The Court believes that the seriousness of Rodriguez-Montes' criminal history goes to the length of the downward departure more than to the possibility that the Court will not grant a downward departure. All the other factors strongly support or at least counsel somewhat in favor of a downward departure. The Court will thus grant a downward departure. The Court believes that Rodriguez-Montes' situation falls outside the heartland of cases that the Court sees. Generally, the defendants before the Court do not have the ties that Rodriguez-Montes has to the United States. Generally, the defendants were either brought into the United States later in their lives, or they have gone back and forth between the two countries, or they have not developed ties through education, language, or family. The Court thus believes that Rodriguez-Montes falls outside of the heartland of cases and that he is substantially different than most of the defendants that the Court sees. The Court therefore grants Rodriguez-Montes' request for a downward departure based on cultural assimilation. The Court will grant a downward departure of 6 levels to an offense level of 14. The Court will depart 6 levels, because, although Rodriguez-Montes was brought into the United States at a young age, and has extensive family and cultural ties to the United States, he has a significant criminal history. To reach a downward departure of 6 levels, the Court added up all of the time Rodriguez-Montes has served in jail. The Court reached a calculation of approximately two and one half years. Because Rodriguez-Montes' prior sentences have not appeared to instill in him the need to comply with the laws of the United States, the Court believes that a guideline range where the low end of the range was a little above two and one half years is appropriate. Much more than that total

of incarceration seems unduly punitive given his cultural assimilation; below that total appears to be too little to reflect some of Congress' concern about people who have criminal records continuing to come back into the United States. An offense level of 13 with a criminal history category of V would give result in a guideline range of 30 to 37 months; the bottom of that range appears to low and does not adequately reflect his criminal history. An offense level of 14 with a criminal history category of V establishes a guideline range of 33 to 41 months. A sentence at the low end of the range would be 33 months, and reflects Rodriguez-Montes' criminal history and cultural assimilation.

## III.   THE COURT WILL NOT VARY FROM THE GUIDELINE RANGE AFTER IT HAS GRANTED THE DOWNWARD DEPARTURE.

The Court has carefully considered the guideline sentence. In imposing its sentence, however, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the sentencing facts set forth in 18 U.S.C. § 3553(a). The Court has reviewed the PSR's factual findings. There not being any objections to those, the Court will adopt those as its own. The Court has also considered the sentencing guideline applications. The Court adopts the PSR's sentencing guideline applications, but the sentencing guideline applications should also reflect the downward departure for cultural assimilation. Rodriguez-Montes started with an offense level of 21 and a criminal history category of V, establishing a guideline imprisonment range of 70 to 87 months. The Court, however, accepts the plea agreement, which stipulates to an offense level of 20. An offense level of 20 combined with a criminal history category of V establish a guideline imprisonment range of 63 to 78 months.

The Court grants a downward departure of 6 levels to an offense level of 14 pursuant to U.S.S.G. § 2L1.2 app. note 8. The Court believes that a downward departure for cultural

assimilation is appropriate in this case, and believes that almost all the factors suggest strongly, or at least to some degree, that a downward departure for cultural assimilation is appropriate. Rodriguez-Montes knows little about living and working in Mexico, and his immediate family is in the United States.  Rodriguez-Montes, however, has an extensive criminal history in the United States, including a drug distribution offense.  The Court recognized Rodriguez-Montes' extensive residency in the United States and family ties to the United States in its downward departure.  The Court is not inclined to further vary, because Rodriguez-Montes has been deported twice, and because the Court must emphasize that it is serious coming back into the United States with his criminal history.  The Court does not want to send Rodriguez-Montes the wrong message.  He has at least one arrest after his formal deportation from the United States for criminal activity in the United States.  Furthermore, his criminal history was one of the factors that did not weigh heavily in favor of a downward departure.  The Court believes that his criminal history is accurately reflected.  The Court is thus not inclined to vary further from the guideline range.  An offense level of 14 with a criminal history category of V establishes a guideline range of 33 to 41 months.

        The Court has carefully considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant.  After granting Rodriguez-Montes a downward departure, the punishment that the guidelines set forth is appropriate for this offense.  The Court has also considered the kinds of sentences and ranges that the guidelines establish.  A sentence at the low end of the guideline range is sufficient to reflect the seriousness of the offense.  Rodriguez-Montes has not been sentenced for these deportations in the past, so this conviction is his first deportation crime, and the Court believes that this sentence is sufficient to reflect that illegal re-entry

is a serious crime.  The Court believes a 33-month sentence will be sufficient to promote respect for the law.  The Court believes this sentence provides a more just punishment than one at the high end of the range, even though he does have a serious criminal history.  This sentence is higher than the sentences he received for his other convictions, other than his conviction for trafficking controlled substance (cocaine), for which he received a sentence of 9 years imprisonment, with 6 years suspended.  Given that Rodriguez-Montes has not had a sentence before for deportation, the Court believes that this sentence may provide adequate deterrence.  This sentence will be sufficient to protect the public against some of the more serious crimes that Rodriguez-Montes committed when he was younger.  In sum, the Court believes that a sentence of 33 months fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies.

**IT IS ORDERED** that Defendant Manuel Rodriguez-Montes' requests for a downward departure based on cultural assimilation and/or a downward variance in the Defendant's Sentencing Memorandum, filed June 9, 2011 (Doc. 16), are granted in part and denied in part.  The Court will exercise its discretion to depart downward based on cultural assimilation.  It believes that Rodriguez-Montes' case does not fit within the heartland of cases.  After granting the downward departure, the Court will not vary further.  The Court will sentence Rodriguez-Montes to a sentence of 33 months, which is a sentence at the low end of the advisory guideline range after the downward departure for cultural assimilation.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J.  Gonzales
   United States Attorney
Kimberly A. Brawley
   Assistant United States Attorneys
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Benjamin C. Wilson
Albuquerque, New Mexico

       *Attorney for the Defendant*